```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __11/29/2021__

**ROBERT DEREK LURCH JR.,**

                Plaintiff,

-against-

**NYCHHC; EVERY DOCTOR THAT DIAGNOSED AND TREATED ANY INMATE (DETAINEE) FROM I.A.A. WITH THE FLU OR FLU LIKE SYMPTOMS BUT FAILED TO ISOLATE THEM FROM GENERAL POPULATION AFTERWARDS,**

                Defendants.

21-CV-1567 (ALC)

ORDER OF SERVICE

ANDREW L. CARTER, JR., United States District Judge:

      Plaintiff, who is currently incarcerated in Atlantic County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that, while he was detained in the Vernon C. Bain Center on Rikers Island, Defendants violated his rights.[1] By order dated November 23, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2]

---

[1] Plaintiff is barred pursuant to 28 U.S.C. § 1915(g) from filing any new action *in forma pauperis* while a prisoner. *See Lurch v. Bernal*, No. 20-CV-9329 (CM) (S.D.N.Y. Dec. 21, 2020). By order dated February 23, 2021, the Honorable Laura Taylor Swain, in her capacity as Chief Judge, dismissed the complaint without prejudice under the Prisoner Litigation Reform Act's "three-strikes" rule. ECF No. 4. On November 12, 2021, Plaintiff filed a letter informing the court that, at the time he filed the complaint, he was not incarcerated. ECF No. 6. Plaintiff asserts that, at the time of filing of the complaint in this case, he was participating in the NYC Jails to Jobs program. *Id. See* https://criminaljustice.cityofnewyork.us/notice/jails-to-jobs-reentry-program/. Because Plaintiff was not incarcerated when he filed this complaint on February 19, 2021, by order dated November 22, 2021, Chief Judge Swain vacated the February 23, 2021 order of dismissal and civil judgment and directed the Clerk of Court to reopen this case. ECF No. 8.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the

elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## DISCUSSION

### I.     City of New York

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to add the City of New York as a Defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

### II.    New York City Health + Hospitals

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service on Defendant New York City Health + Hospitals. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (requiring courts to order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*,

682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

### III.   John Doe Defendants

Because Plaintiff does not make any allegations against the John Doe Defendants and does not supply sufficient information to permit the attorney for or agent of the John Doe Defendants to identify them, the Court declines, at this time, to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (a *pro se* litigant is entitled to assistance from the district court in identifying a defendant), seeking the identities of the John Doe Defendants. If Plaintiff has more specific information about these Defendants, he may move to amend his complaint to add those Defendants and detail their involvement in his claims, if he so wishes.

### CONCLUSION

The Clerk of Court is directed (i) to add the City of New York as a Defendant in this case under Fed. R. Civ. P. 21; (ii) to electronically notify the New York City Department of Corrections and the New York City Law Department of this Order; and (iii) to issue a summons, complete the USM-285 form with the address for New York City Health + Hospitals, and deliver all documents necessary to effect service to the U.S. Marshals Service.[3] The Court requests that Defendant the City of New York waive service of summons.

---

[3] Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

**SO ORDERED.**

**Dated**:   November 29, 2021
            New York, New York

                                      **ANDREW L. CARTER, JR.**
                                      **United States District Judge**

## DEFENDANT AND SERVICE ADDRESS

New York City Health + Hospitals
125 Worth Street
New York, New York 10013