UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
**ROBERT D. LURCH, JR,**

                 **Plaintiff,**

    -against-

**NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, THE CITY OF NEW YORK,
TARA ASHER, PEARLINE THOMPSON, GEORGE
GAINES, OVUNDUH OKENE, IDA BROWN, MIN
KANG, CHRISTOPHER TATEM, ALEXANDER
ARONOV, and AV TROPE,**

                 **Defendants.**

------------------------------------------------------------------ x

**21-CV-1567 (ALC)**

<u>**OPINION & ORDER**</u>

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff Robert Lurch, proceeding *pro se*, brings this action under 42 U.S.C. § 1983, against the City of New York, New York City Health and Hospitals Corporation ("H+H"), and nine individual defendants (collectively, "Defendants"), for alleged violations of his constitutional right to adequate medical care. Plaintiff alleges that while detained at a New York City Department of Correction ("DOC") facility prior to the ongoing COVID-19 pandemic (from December 5-22, 2019), Defendants failed to isolate detainees with the flu from detainees who were asymptomatic or otherwise not ill. Plaintiff further alleges that due to Defendants' failure to isolate detainees in the housing unit, he contracted the flu and later developed pneumonia. Plaintiff alleges that Defendants acted with deliberate indifference to his medical needs by failing to isolate detainees, thereby violating his constitutional rights.

      Defendants move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. For the following reasons, Defendants' motion to dismiss is GRANTED.

**FACTUAL BACKGROUND**

Plaintiff's Amended Complaint alleges that during his time as a pretrial detainee at the Vernon C. Bain Center on Rikers Island ("VCBC"), Defendants acted with deliberate indifference to his medical needs. Amended Complaint at ECF No. 26, p. 8. During Plaintiff's time at VCBC (December 5-22, 2019), Plaintiff alleges that several detainees in VCBC housing area 1AA contracted the flu. *Id.* When individuals reported their flu symptoms to medical personnel, Plaintiff alleges that they were "diagnosed and treated for flu like symptoms, given Theraflu or a similar medication to treat their condition and sent back to a dormitory style housing unit" with other detainees who exhibited "no symptoms of any respiratory ailment." *Id*. Plaintiff ultimately contracted flu-like symptoms, including "high fever . . . debilitating cough, extreme fatigue . . . [and] severe chills" that later developed into pneumonia. *Id.* Plaintiff alleges that he did not seek medical care at first, because flu medication was available on the housing unit. *Id.* at 8-9. However, Plaintiff's condition worsened over time, and he later sought medical attention on December 22, 2019 for allegedly "unbearable pain" when he coughed or breathed. *Id.* at 9. Plaintiff alleges that DOC's medical staff performed x-rays and testing, prescribed him medication, and advised that he should return to the housing unit. *Id.* Upon Plaintiff's insistence that he needed further treatment; Plaintiff was transferred to West Facility for x-rays. *Id.* at 10. There, Plaintiff was allegedly diagnosed with pneumonia and spent 7-9 days in an isolation unit. *Id.* Plaintiff alleges that he ultimately recovered from his illness but suffers unspecified long-term health effects and mental anguish. *Id.* at 15. Roughly one year later, during October-December 2020, Plaintiff alleges that the "excruciating pain" while breathing returned while he was in DOC custody, and he was prescribed pain medication. *Id.* at 10. On account of his alleged injuries, Plaintiff seeks compensatory and punitive damages from Defendants. *Id.* at 15.

**LEGAL STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are 'merely consistent with' a defendant's liability, "it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (*quoting Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). In considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (*citing Twombly*, 550 U.S. at 555, 127 S.Ct. 1955); *see also id.* at 681, 129 S.Ct. 1937.

The Court construes a *pro se* litigant's submissions liberally and interprets them "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d. Cir. 2009) (quoting *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)) (internal quotation marks omitted).

**DISCUSSION**

*Deliberate Indifference to Medical Needs Claim*

As noted in Defendants' Memorandum of Law in Support of their Motion to Dismiss at ECF No. 28, Plaintiff's allegations concerning Defendants' purported failure to isolate sick detainees are best construed as claims of deliberate indifference to his medical needs, in violation

of the Fourteenth Amendment. ECF No. 28 at 8. Plaintiff brings these claims pursuant to the Eighth Amendment, but because he was a pretrial detainee during the time period at issue, the claims are covered by the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment.")

To establish deliberate indifference to a medical need, Plaintiff must satisfy a two-pronged test. First, the alleged medical deprivation must be "sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain[,] exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotations omitted). This is commonly known as the 'objective prong.' Second, the detainee must establish that the defendant acted with a culpable state of mind under the so-called 'subjective prong.' *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). The defendant must have acted intentionally, or "recklessly failed to act with reasonable care to mitigate the risk" although the defendant "knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

Plaintiff's complaint fails to satisfy either prong of the deliberate indifference test. Courts in the Second Circuit have deemed symptoms such as headaches, sore throat, and other flu-like symptoms as "not sufficiently serious to merit constitutional protections." *See, e.g., Griffin v. Capra*, No. 18 Civ. 10405, 2021 WL 1226428, at *5 (S.D.N.Y. Mar. 31, 2021). Therefore, the flu symptoms that Plaintiff alleges, without more, are insufficient to show a level of urgency to trigger constitutional protection.

In Plaintiff's Amended Complaint and Opposition to the Motion to Dismiss (ECF No.30), Plaintiff compares his flu-like symptoms to COVID-19, and asserts that medical personnel

should have tested for COVID-19 in order to "affirmatively state that an individual didn't suffer from that variation of the flu or any other variation." ECF No. 30 at 1. However, the Centers for Disease Control and Prevention confirmed that the first case of COVID-19 was detected in the United States on January 20, 2020 in Washington state[1]; approximately one month *after* Plaintiff recovered from his flu-like symptoms in the instant matter. Thus, Plaintiff's implication that he may have had COVID-19 and that medical personnel should have tested for it are unavailing. Though flu-like symptoms may now call for COVID-19 testing and heightened attention, in December 2019, this was not the case.

Regarding the subjective prong, Plaintiff does not provide instances of medical personnel recklessly failing to act with reasonable care. Upon notifying medical personnel of his symptoms, the Amended Complaint states that Plaintiff was examined, transferred to a different facility for x-rays, and isolated for 7-9 days in order to recover. Amended Complaint at 8-10. When his symptoms returned a year later, Defendants prescribed pain medication to treat them. Amended Complaint at 10. These diligent efforts to examine, diagnose, and treat a detainee defeat Plaintiff's claim of deliberate indifference.

<u>Monell Claim</u>

Because Plaintiff's claim of a constitutional violation failed, the Court also denies Plaintiff's *Monell* claim. The Second Circuit has held that "*Monell* does not provide a separate cause of action . . .; it *extends* liability to a municipal organization where that organization's

---

[1] *See* "CDC Museum COVID-19 Timeline," David J. Sencer CDC Museum, Centers for Disease Control and Prevention, https://www.cdc.gov/museum/timeline/covid19.html (last visited on Jan. 10, 2023). The Court also notes that COVID-19 is not a variation of the flu, but another respiratory illness entirely.

failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

CONCLUSION

    For the reasons stated above, Defendant's motion to dismiss is granted. The Clerk of Court is directed to terminate the open motion at ECF No. 27, and the open motion at ECF No. 24 as moot. The Clerk of Court is also respectfully directed to mail a copy of this order to the Plaintiff.

**SO ORDERED.**

**Dated:**  **New York, New York**
           **January 17, 2023**

                                **ANDREW L. CARTER, JR.**
                                **United States District Judge**