```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ROBERT D. LURCH, JR.,                              :
                          Plaintiff,               :
                                                   :
       -against-                                   :     21-CV-01567 (ALC)
                                                   :     ORDER
NEW YORK CITY HEALTH AND HOSPITALS                 :
CORPORATION, THE CITY OF NEW YORK, TARA            :
ASHER, PEARLINE THOMPSON, GEORGE GAINES,:
OVUNDUH OKENE, IDA BROWN, MIN KANG,                :
CHRISTOPHER TATEM, ALEXANDER ARONOV,               :
and AV TROPE,                                      :
                          Defendants.              :
                                                   :
------------------------------------------------------------------ :
                                                   x
```

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff Robert Lurch, proceeding *pro se*, submitted a motion for reconsideration (ECF No. 40) of the Court's January 17, 2023, Opinion & Order (ECF No. 39) on February 6, 2023. That motion is **DENIED**.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural background of this case, which are set forth more fully in the Order granting Defendants' motion to dismiss. ECF No. 40. In short, Plaintiff's motion for reconsideration is premised on his belief that the Court erred in interpreting his Amended Complaint as a deliberate indifference claim, rather than a conditions of confinement claim.

## DISCUSSION

Under the Federal Rules of Civil Procedure, a party can seek relief from a final judgment for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in

1

time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. See Fed. R. Civ. P. 60(b). The Second Circuit has held that Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ren Yuan Deng v. New York State Off. of Mental Health*, 783 F.App'x. 72, 73 (2d Cir. 2019). Rule 60(b) motions "should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.'" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (internal citation omitted). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995.)

Here, Plaintiff Lurch has asked that the Court reconsider the January 17, 2023 Decision, but has not shown sufficient material facts or law that would warrant overturning our prior ruling. The Court carefully considered the parties' arguments on Plaintiff's deliberate indifference claim.[1] The Court weighed those arguments against the facts alleged in the Amended Complaint and found that it did not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff alleges his claim was misconstrued, and he instead intended to challenge his conditions of confinement. Because a pro se Plaintiff's Complaint must be liberally construed,

---

[1] The Court notes that Plaintiff himself labeled his claim as one of "deliberate indifference to an inmate's health and safety." ECF No. 26, p. 11.

2

the Court will next consider his conditions of confinement claim. For the same reasons, Plaintiff has failed to state a plausible claim for conditions of confinement in his Complaint.

A Fourteenth Amendment Claim based on conditions of confinement requires an objective and subjective analysis. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). The Court must employ a test similar to the test under an Eighth Amendment claim. <u>Darnell v. Pineiro</u>, 849 F.3d 17, 29 (2d Cir. 2017). The due process rights of a [pretrial prisoner's] situation [is] at least as great as the Eighth Amendment protections available to a convicted prisoner." <u>City of Revere v. Massachusetts Gen. Hosp.</u>, 463 U.S. 239, 244 (1983). First, a plaintiff must allege a "sufficiently serious" deprivation, "in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Bolden v. Cty. of Sullivan*, 523 Fed. App'x. 832, 833 (2nd Cir. 2013) (citing *Hathaway*, 99 F.3d at 553). To establish the objective prong, plaintiff must prove that "the conditions of his confinement violate contemporary standards of decency." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002). However, "[b]ecause society does not expect or intend prison conditions to be comfortable, only extreme deprivations" will suffice. *Blyden v. Mancusi*, 186 F.3d 252,263 (2d Cir. 1999).

For the subjective prong, a plaintiff must show that the defendant "act[ed] with a sufficiently culpable state of mind" in creating or prolonging the alleged deprivation. *Bolden*, 523 Fed. App'x at 833; *see also Louime v. Lamanna*, 2023 U.S. Dist. LEXIS 16381, at *10 (S.D.N.Y. Jan. 31, 2023). Further, "[t]he subjective element [of deliberate indifference] requires a state of mind that is the equivalent of criminal recklessness; namely, when the prison official 'knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of the facts from which the inference could be drawn that a substantial risk of serious

3

harm exists, and he must also draw the inference.'" *Hathaway*, 99 F.3d at 553 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)); *see also Louime*, 2023 U.S. Dist. LEXIS 16381, at *10.

      Plaintiff alleges he experienced the following living conditions in violation of the Constitution: Plaintiff alleges that while detained at a New York City Department of Correction ("DOC") facility prior to the ongoing COVID-19 pandemic (from December 5-22, 2019), Defendants failed to isolate detainees with the flu from detainees who were asymptomatic or otherwise not ill. Plaintiff further alleges that due to Defendants' failure to isolate detainees in the housing unit, he contracted the flu and later developed pneumonia. In the Second Circuit, "correctional officers have an affirmative obligation to protect inmates from infectious disease." *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996). However, Plaintiff's allegations do not meet the threshold required to establish that "the conditions of his confinement violate contemporary standards of decency." Courts in the Second Circuit have deemed symptoms such as headaches, sore throat, and other flu-like symptoms as "not sufficiently serious to merit constitutional protections." *See, e.g., Griffin v. Capra*, No. 18 Civ. 10405, 2021 WL 1226428, at *5 (S.D.N.Y. Mar. 31, 2021); *Smith v. Montefiore Med. Ctr.-Health Servs. Div.*, 22 F. Supp. 2d. 275, 281 (S.D.N.Y. 1998) (same). The flu is a common risk that "today's society chooses to tolerate[.]" *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

      Further, Plaintiff has not shown the conditions were the result of deliberate indifference by prison officials. Plaintiff presents no evidence that Defendants acted intentionally or recklessly. Once Plaintiff presented symptoms, the facility worked to examine and treat him. *Reid v. City of N.Y.*, 2022 U.S. Dist. LEXIS 72195, at *31–32 (S.D.N.Y. Apr. 20, 2022) (dismissing confinement claim when plaintiff did not plead lack of treatment for illness). Therefore, Plaintiff's confinement claim is insufficient.

As this Court has held before, "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Canfield v. SS&C Techs. Holdings, Inc.*, 2021 WL 1026128, at *1 (S.D.N.Y. Mar. 17, 2021). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cedar Petrochems., Inc. v. Dongbu Hannong Chem. Co.*, 628 Fed. App'x 793, 796 (2d Cir. 2015) (quotation omitted). A moving party is not permitted to use a motion for reconsideration as a means to "relitigate[e] old issues, present[] the case under new theories, secur[e] a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).

Therefore, Plaintiff's motion for reconsideration is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 40.

**SO ORDERED.**

**Dated:**   **September 29, 2023**
             **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**