UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
**ROBERT D. LURCH, JR.,**
                  *Plaintiff*,

      -against-                              **21-CV-01567 (ALC)**
                                                  **ORDER**

**NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, THE CITY OF NEW YORK,
TARA ASHER, PEARLINE THOMPSON, GEORGE
GAINES, OVUNDUH OKENE, IDA BROWN, MIN
KANG, CHRISTOPHER TATEM, ALEXANDER
ARONOV, and AV TROPE,**
                  *Defendants*.

-------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff Robert Lurch, proceeding *pro se*, submitted a motion for reconsideration (ECF No. 47) of the Court's September 29, 2023 Opinion & Order (ECF No. 46) that denied his previous motion for reconsideration of the Court's January 17, 2023 Opinion & Order (ECF No. 40) that granted the Defendants' motion to dismiss. For the reasons set forth below, the motion for reconsideration is **DENIED**.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural background of this case, which are set forth more fully in the Order granting Defendants' motion to dismiss. ECF No. 40. Plaintiff's motion for reconsideration is premised on his belief that the Court erred in denying his previous motion for reconsideration (ECF No. 46).

## LEGAL STANDARD

To succeed on a motion for reconsideration under Rule 59(e), the movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a

1

clear error or prevent manifest injustice." *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (quotation marks omitted). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998). Indeed, the standard for granting a Rule 59(e) motion "is strict, and reconsideration will generally be denied." *Ursa Minor Ltd. v. Aon Financial Products, Inc.,* 2000 WL 1279783 at *1 (S.D.N.Y. Sept.8, 2000) (citation omitted); *see also Range Road Music, Inc. v. Music Sales Corp.,* 90 F.Supp.2d 390, 391–92 (S.D.N.Y.2000).

Under Local Rule 6.3, the moving party must demonstrate controlling law or factual matters put before the Court on the underlying motion that the movant believes the Court overlooked and that might reasonably be expected to alter the court's decision. See *Lichtenberg v. Besicorp Group Inc.*, 28 Fed. Appx. 73, 2002 WL 109483, *1 (2d Cir. Jan.25, 2002); *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, *1 (S.D.N.Y. May 31, 2001) (citing *AT & T Corp. v. Comty. Network Servs., Inc*., No. 00 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug.18, 2000) and Local Rule 6.3). Failure to "demonstrate that the Court overlooked controlling law or factual matters that had been previously put before it" is a clear denial of a motion for reconsideration. *Abdullah-Sadiq v. Behringer, No. 17-CV-0270 (TPG), 2017 WL 5508477*, at *1 (S.D.N.Y. Mar. 17, 2017). For pro se litigants, "[t]he Court must also liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). This Court has construed the pro se litigants' arguments with these considerations in mind.

**DISCUSSION**

This Court finds that Plaintiff Lurch has not shown sufficient material facts or law that would warrant overturning this Court's September 29, 2023 Order. Here, the Court properly found that the Plaintiff failed to plead facts that supported the objective and subjective prong required for a cognizable confinement claim. With respect to the objective prong, the Court held that the Plaintiff experiencing flu-like symptoms such as headaches, sore throat, and other flu-like symptoms do not merit constitutional protection. *See, e.g., Griffin v. Capra*, No. 18 Civ. 10405, 2021 WL 1226428, at *5 (S.D.N.Y. Mar. 31, 2021); *Smith v. Montefiore Med. Ctr.-Health Servs. Div.*, 22 F. Supp. 2d. 275, 281 (S.D.N.Y. 1998) (same). Plaintiff alleges in the instant motion that his Amended Complaint alleged "more severe symptoms . . .such as muscle aches, extreme fatigue, hot sweats and chills with the shakes." ECF No. 47 at 3. This is still insufficient to warrant a finding that that "the conditions of his confinement violate contemporary standards of decency." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002).

With respect to the subjective prong, the Plaintiff also failed to present evidence that suggests that Defendants acted intentionally to cause the unsafe conditions at Rikers. The Plaintiff argues that the Court's decision deeming the Plaintiff's confinement claim insufficient was erroneous due to evidence demonstrating that the Defendants intentionally created a flu epidemic. He also argues that the Court misapplied *Reid v. City of N.Y.*, 2022 U.S. Dist. LEXIS 72195 (S.D.N.Y. Apr. 20, 2022) when denying its previous motion for reconsideration because unlike the instant case, the defendants in Reid did not intentionally create the unsafe conditions that caused the illness. ECF No. 47 at 1-2. This Court disagrees. The Plaintiff instead concedes that the Defendants in *Reid* "treated the plaintiff in a timely manner", which is the case here; the Court properly found that Rikers worked to examine and treat his flu-like symptoms.

Indeed, the Court carefully considered the parties' arguments on the Plaintiff's motion for reconsideration. The Plaintiff does not cite any new facts or applicable law that this Court overlooked that would have altered the Court's decision. A moving party is not permitted to use a motion for reconsideration as a means to "relitigate[e] old issues, present[] the case under new theories, secur[e] a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted). The instant motion is the Plaintiff's attempt to take another bite of the apple by re-litigating issues that have been properly reviewed by this Court twice before. Therefore, Plaintiff's motion for reconsideration is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 47.

**SO ORDERED.**

**Dated:** **September 23, 2024**
         **New York, New York**

         **ANDREW L. CARTER, JR.**
         **United States District Judge**